UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JC PARKER** | **CASE NO. 2:25-cv-01164** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ZT MOTORS OF TEXAS LP ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the court is defendant ZT Motors of Texas LP's ("ZT Motors") *Motion to File Documents Under Seal*. Doc. 11. For the reasons that follow, the motion is **DENIED** and the unredacted versions of the Corporate and Diversity Jurisdiction Disclosure Statements [doc. 11, atts. 2-3] shall be filed into the record.

### I.
### BACKGROUND

ZT Motors seeks to file its Corporate Disclosure Statement and Diversity Jurisdiction Disclosure Statement under seal because they allegedly contain private and confidential information. Doc. 11, p. 1. Specifically, ZT Motors claims sealing of the documents is warranted because "the states where such entities were formed, namely Texas, New York, and Nevada, permit ownership information to remain private during the existence of the entity – and such entities continue to desire such anonymity." *Id.* ZT Motors also notes that such information is of little interest to the public because the entities are not publicly traded and citizenship of these entities is not contested at this time. *Id.*

### II.
### LAW AND ANALYSIS

Federal Rule of Civil Procedure 7.1 states,

> **(a) Who Must File; Contents.**
> **(1) Nongovernmental Corporations.** A nongovernmental corporate party or a nongovernmental corporation that seeks to intervene must file a statement that:

>> **(A)** identifies any parent corporation and any publicly held corporation owning 10% or more of its stock; or
> **(B)** states that there is no such corporation.
>
> **(2) Parties or Intervenors in a Diversity Case.** In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of— every individual or entity whose citizenship is attributed to that party or intervenor:
> **(A)** when the action is filed in or removed to federal court, and
> **(B)** when any later event occurs that could affect the court's jurisdiction under § 1332(a).

A primary purpose of the Rule 7.1 corporate disclosure statement is to allow members of the judiciary to identify financial conflicts of interest. "[T]he corporate relationships that must be disclosed under Rule 7.1 are those that might warrant a judge's disqualification based on a holding in such an entity." *Domain Prot., L.L.C. v. Sea Wasp, L.L.C.*, 23 F.4th 529, 542 (5th Cir. 2022). "The information required by Rule 7.1(a) reflects the 'financial interest' standard of Canon 3C(1)(c) of the Code of Conduct for United States Judges." Fed. R. Civ. P. 7.1 note (Advisory Committee Notes to 2002 adoption). This being the case, the public has an interest in the availability of corporate disclosure statements, especially insofar as the ethical integrity of the judiciary is implicated. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021) ("[A]ccessibility enhances legitimacy, the assurance that things are on the level.").

More generally, the public enjoys presumptive access to documents filed on the Court's docket. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416 (5th Cir. 2021). The Court has a "solemn duty to promote judicial transparency" by undertaking "a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Id*. at 419–20 (internal quotation marks and additional citations omitted). The United States Fifth Circuit recently summarized the law respecting sealing court records in this circuit:

> The public has a common law right of access to judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98 (1978). "Judicial records are public records." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416 (5th Cir. 2021). Public access serves important interests in transparency and the "trustworthiness of the judicial process." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022) (quoting *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 210 (5th Cir. 2019)). Sealing judicial records is therefore "heavily disfavor[ed]." *Id.*
>
> This right of access, however, is "not absolute." *Nixon*, 435 U.S. at 598. "Every court has supervisory power over its own records and files," *id.*, and, when appropriate, courts may order that case documents be filed under seal, Fed. R. Civ. P. 5.2(d). To determine whether a judicial record should be sealed, the court "must undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Le*, 990 F.3d at 419 (internal quotations omitted). Because of the court's duty to protect the public's right of access, the district court must balance these interests even if the parties agree to seal records. *See, e.g., BP Expl. & Prod.*, 920 F.3d at 211–12 ("[P]rivate litigants should not be able to contract [the public right of access] away.... [I]t is for judges, not litigants, to decide whether the justification for sealing overcomes the right of access."). Sealing documents should be the exception, not the rule. *Le*, 990 F.3d at 418.

*Sealed Appellant v. Sealed Appellee*, No. 22-50707, 2024 WL 980494, at *2–3 (5th Cir. Mar. 7, 2024) (footnotes omitted). A party's interest in sealing information that competitors would use to its disadvantage can overcome the public's right to access judicial records. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). Only a specific threat of competitive harm may justify sealing. *Vantage Health Plan v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019). Facts concerning the ownership structure of an entity are not, in and of themselves, proprietary information, and here ZT Motors does not identify a specific threat of competitive harm. Accordingly, ZT Motors has failed to rebut the public's presumption of access.

Further, neither the fact a motion to seal is unopposed nor the fact the information at issue is "confidential" is dispositive or alone sufficient to warrant an order placing the documents under seal. *See Sealed Appellant*, 2024 WL 980494 at *2 (citing *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 211-12 (5th Cir. 2019)); *see also Wash World Inc. v. Belanger Inc.*, 666 F. Supp. 3d 808, 833 (E.D. Wis. 2023), *appeal dismissed*, No. 2023-1841, 2023 WL 5955228

(Fed. Cir. Sept. 13, 2023) ("Neither bare assertions of confidentiality nor the agreement of the parties is sufficient to establish the good cause necessary to warrant restricting documents from the public."); *James Lee Constr., Inc. v. Gov't Emps. Ins. Co.*, 339 F.R.D. 562, 575–76 (D. Mont. 2021) ("the Confidentiality Agreement is not dispositive of whether the documents should remain sealed under the 'compelling reasons' standard." (citation omitted)). Instead, "[t]he secrecy of judicial records, *including stipulated secrecy*, must be justified and weighed against the presumption of openness that can be rebutted only by compelling countervailing interests favoring nondisclosure." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 421 (5th Cir. 2021) (emphasis added).

Moreover, "a party may neither consent to nor waive federal subject matter jurisdiction." *Simon v. Wal–Mart Stores, Inc.,* 193 F.3d 848, 850 (5th Cir. 1999). Thus, as jurisdiction is not waivable, the fact that there is no contest as to the citizenship of such entities at this stage is irrelevant—Defendants must nonetheless establish diversity on the record.[1] As stated above, the public's access to information on the docket ensures the transparency and trustworthiness of the court and, in this case, the public's access to jurisdiction-establishing information should not be hindered because of ZT Motors's mere preference to keep facts "confidential." *Manssor v. NRRM, LLC*, No. EP-23-CV-00236-DCG, 2023 WL 4093413 (W.D. Tex. June 20, 2023) ("Defendant identifies no reason to withhold its members' full names other than their mere 'prefer[ence] to avoid having their personal investments publicly disclosed.' The Court agrees with *Wiens Capital* that such a preference is not a 'substantial interest[ ] in privacy' that justifies relieving Defendant of its obligations under Rule 7.1(a)(2)—especially given that Defendant purposefully placed its

---

[1] The burden of establishing federal jurisdiction rests on the party removing the case to the federal forum. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001); *Fontenot v. Granite State Insurance Co.*, 2008 WL 4822283, *3 (W.D. La. 2008); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); s*ee also Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992).

members' identities at issue by invoking this Court's diversity jurisdiction." (citations omitted)). As ZT Motors sought jurisdiction in this court, it must now comply with the procedural rules of its chosen forum. *Wiens Cap. Mgmt., LLC v. Advoc. Consulting Legal Grp., PLLC*, No. 2:23-CV-81-SPC-KCD, 2023 WL 2435806 (M.D. Fla. Feb. 16, 2023) ("Plaintiffs, who chose to initiate suit in federal court in reliance on diversity jurisdiction, had to have known that they would need to show diversity by alleging the identity and citizenship of its members and the members of the derivative entities under Rule 7.1."). Accordingly, as ZT Motors has failed to identify an interest other than mere preference, the Motion to Seal [doc. 11] must be **DENIED**.

### III.
#### CONCLUSION

Because the presumption of openness outweighs movant's interest in maintaining the secrecy of its corporate ownership structure, defendant ZT Motors of Texas LP's ("ZT Motors") *Motion to File Documents Under Seal* [doc. 11] is **DENIED**. The clerk of court is directed to file into the record of this matter the unredacted disclosure statements [doc. 11, atts. 2-3].

**SO ORDERED** at Lake Charles, Louisiana, this 4th day of December, 2025.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**